UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EDDIE TOWNSEND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:13-CV-315 |
| | ) |
| M. WILSON, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is *pro se* Plaintiff Eddie Townsend's motion to amend his complaint (Docket # 14), seeking to dismiss his claims against John/Jane Doe, "an employee of the Allen County Prosecuting Attorney Office" (Compl. ¶ 5); and add state law claims of negligence, false arrest, false imprisonment, and malicious prosecution against the individual Defendant officers. Defendants do not object to Plaintiff's dismissal of the Doe Defendant, but oppose Plaintiff's assertion of state law tort claims against the individual officers, contending that Indiana Code § 34-13-3-5(b) precludes a suit against employees of a governmental entity that alleges they committed torts within the course and scope of their employment. (Docket # 15.)

### *A. Background*

Plaintiff filed his complaint against Defendants in Allen Superior Court on September 25, 2013, advancing various federal civil rights claims arising out of his arrest. (Docket # 1.) Defendants removed the case to this Court on October 29, 2013 (Docket # 2), and filed an

answer on November 22, 2013 (Docket # 7).[1]  The Doe Defendant filed a motion to dismiss for failure to state a claim on December 6, 2013. (Docket # 10.)  On January 2, 2014, Plaintiff filed the instant motion to amend. (Docket # 14.)

### B.  Standard of Review

Under Federal Rule of Civil Procedure 15, "[a] party may amend [his] pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The right to amend a pleading "is not absolute . . . ." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002).  Leave to amend can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

### C.  Analysis

As Defendants emphasize, Indiana Code § 34-13-3-5(b) states that "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally."  To advance a state law tort lawsuit against an officer individually, a plaintiff must allege, among other things, that the officers acted "clearly outside

---

[1] Plaintiff incorrectly recites in his motion that Defendants have not yet filed an answer to his complaint. (Mot. for Leave to File Am. Compl. ¶ 2.)  Because an answer was filed on November 22, 2013, Townsend must have leave of court to amend his complaint.

of the scope of [their] employment." Ind. Code § 34-13-3-5(c)(2).

Here, Plaintiff asserts in his proposed amended complaint that the Defendant officers were "all employees of the Fort Wayne Police Department and . . . acting in their official and individual capacities" and "under the color of state law." (Proposed Am. Compl. ¶¶ 22-23.) Thus, neither Plaintiff, nor Defendants in their answer, suggest that the Defendant officers were acting outside the scope of their employment with respect to the events giving rise to this lawsuit. As a result, Plaintiff's attempt to advance state law tort claims against the individual Defendant officers is futile. *See, e.g.*, *Wilson-El v. Majors*, No. 1:12-cv-638, 2012 WL 5929983, at *3 (S.D. Ind. Nov. 27, 2012) (dismissing state law tort claims against individual defendant officers where the complaint alleged that the officers were "employed by and on duty with the Marion County jail at the time of the incident").

Of course, Plaintiff could advance these state law tort claims against the City of Fort Wayne as the Defendant officers' employer under the doctrine of *respondeat superior*. *See Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008) ("The general rule is that vicarious liability will be imposed upon an employer under the doctrine of *respondeat superior* where the employee has inflicted harm while acting within the scope of employment." (citations and internal quotation marks omitted)); *see also Fidler v. City of Indianapolis*, 428 F. Supp. 2d 857, 866 (S.D. Ind. 2006) (opining that plaintiff could pursue his state law tort claims against the City of Indianapolis, but not against the individual Defendant officers); *see generally* Ind. Code § 34-13-3-5(d) ("Subject to [certain exceptions], the governmental entity shall pay any judgment of a claim or suit against an employee when the act or omission causing the loss is within the scope of the employer's employment, regardless of whether the employee can or cannot be held

3

personally liable for the loss."). Plaintiff has not, however, named the City of Fort Wayne as a defendant in this case.

In sum, Plaintiff's motion to amend will be GRANTED, and his claims against John/Jane Doe, "an employee of the Allen County Prosecuting Attorney" (Compl. ¶ 5), will be dismissed. His state law claims of negligence, false arrest, false imprisonment, and malicious prosecution against the individual Defendant officers, however, will be STRICKEN without prejudice to his refiling them against the City of Fort Wayne as the officers' employer.

### D. Conclusion

For the foregoing reasons, Plaintiff's motion to amend his complaint (Docket # 14) is GRANTED and the Clerk is DIRECTED to show his amended complaint filed, except that Plaintiff's state law tort claims against the individual Defendant officers are STRICKEN without prejudice. Since Plaintiff's claims against John/Jane Doe, an employee of the Allen County Prosecuting Attorney, have been dropped from the amended complaint, Defendant Allen County Prosecutor's Motion to Dismiss (Docket # 10) is deemed MOOT.

SO ORDERED.

Enter for January 27th, 2014.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge