UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| EDDIE TOWNSEND, | ) |  |
|---|---|---|
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| v. | ) | Cause No. 1:13-CV-315 |
|  | ) |  |
| M. WILSON, et al., | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

## OPINION and ORDER

Before the Court is Plaintiff Eddie Townsend's Second Motion to Amend Complaint, seeking to add the City of Fort Wayne and the Fort Wayne Police Department as Defendants and assert a number of state law claims against them. (Docket # 25.) The Defendants filed a brief in opposition, arguing that the "Fort Wayne Police Department is not a suable entity under Indiana law" and that because Plaintiff's Notice of Tort Claim was not timely-filed, he is barred from alleging state claims against the City of Fort Wayne. (Docket # 26.) Plaintiff did not file a reply, and the time to do so has since passed. As such, the motion is now ripe for ruling. Although Defendants' contentions potentially have merit, the Defendants are not the proper party to make this argument; accordingly Plaintiff's Motion will be GRANTED in part and DENIED in part.

## I. BACKGROUND

Plaintiff filed his complaint against Defendants in Allen Superior Court on September 25, 2013, advancing various federal civil rights claims arising out of his arrest. (Docket # 1.) Defendants removed the case to this Court on October 29, 2013 (Docket # 2), and filed an answer on November 22, 2013 (Docket # 7). On January 2, 2014, Townsend filed his First

Motion to Amend Complaint seeking to add several state law tort claims against the individual Defendant officers. (Docket # 14.) On January 27, 2014, the Court granted Townsend's motion, but struck his state law tort claims against the individual Defendant officers. (Docket # 17.) The Court explained that such amendment was futile as the individual officers are immune from state law tort claims when acting in the scope of their employment under Indiana Code § 34-13-3-5(b), but stated that he could advance these state law tort claims against the City of Fort Wayne under the doctrine of *respondeat superior.* (*Id.* at 3 (citing *Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008)).)

As expected, on February 24, 2014, Townsend filed the instant motion seeking to add the City of Fort Wayne and the Fort Wayne Police Department as Defendants. (Docket # 25.) In his motion, Townsend alleges that the City of Fort Wayne and the Fort Wayne Police Department are liable under the doctrine of *respondeat superior* for the negligence, false arrest, and malicious prosecution of the individual Defendant officers–the same claims that were stricken against the individual officers in the Court's January 27, 2014, Order.

In his Proposed Second Amended Complaint, Townsend alleges that the "state law and state constitutional claims aris[e] out of an incident on or about August 31, 2012." (Proposed Sec. Am. Compl. ¶ 1.) Townsend also alleges that "[o]n or about September 25, 2013, pursuant to the Indiana Tort Claims Act, [he] filed a Notice of Claim." (*Id.* at ¶ 3.) The Notice of Tort Claim is not a part of the record. The individual Defendant officers filed a response in opposition to the instant motion, arguing that because Indiana Code § 34-13-3-8(a) requires the Notice of Tort Claim be filed with the City of Fort Wayne within 180 days, and because Townsend's proposed second amended complaint concedes that the Notice was not filed within

2

this time period, the instant motion should be denied.

## II.  ANALYSIS

"Leave to amend should be 'freely given' if 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'"  *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 346 (N.D. Ind. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).  Courts may deny leave to amend if there has been "undue delay, bad faith[,] or dilatory motive[,] . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (alterations in original and quotation omitted).  Further, Federal Rule of Civil Procedure 15(c)(1)(B) allows pleadings to relate back to the date the original pleading was filed if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."

The Indiana Tort Claims Act ("ITCA") "bars claims against political subdivisions unless the plaintiff notifies the governing body of the political subdivision along with the Indiana political subdivision risk management commission within 180 days after the loss occurred."  *Washington v. Schumann*, No. 2:09-CV-270, 2013 WL 5314610, at *5 (N.D. Ind. Sept. 13, 2013) (citation omitted).  "Compliance with the notice provisions of the ITCA is a procedural precedent which the plaintiff must prove and which the trial court must determine before trial."  *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999).  "Indeed, when a plaintiff fails to give the required notice, the defendant has an affirmative defense which must be raised in a responsive pleading to the plaintiff's complaint."  *Id.*  "Once the defendant raises failure to comply with the ITCA's notice requirements, the burden shifts to the plaintiff to prove

compliance." *Brown v. Alexander*, 876 N.E.2d 376, 384 (Ind. App. Ct. 2007).

Although the Defendant's argument is potentially meritorious when brought at the right time and by the right party, that situation is not before the Court today. As stated above, the 180 day notice window is an affirmative defense, but the individual Defendant officers are not proffering it as such on their own behalf; instead, they are apparently asserting it as an anticipated affirmative defense for the City of Fort Wayne, a party that yet to even be served in this case. This concept was apparently overlooked by the individual Defendant officers as they do not even attempt to explain why they should be able to make arguments for a separate potential party. Should the City of Fort Wayne decide to assert an affirmative defense of failure to comply with the ITCA's notice requirement "in a responsive pleading to the plaintiff's complaint," they seemingly are entitled to do so. *Id.* Until that time, however, such an argument is premature.

Moreover, "[n]on-compliance with the notice requirement has on occasion been excused on theories of substantial compliance, waiver, and estoppel." *Washington*, 2013 WL 5314610, at *6 (citation and internal quotations omitted). At this time, the Court is unaware of whether Townsend plans to argue that he is entitled to such an exception to the notice requirement. Townsend should be afforded an opportunity to prove compliance in response to the proper motion, his "complaint[] need not anticipate and attempt to plead around defenses." *Adams v. Traylor-Wolff*, No. 2:11 CV 365, 2012 WL 3061837, at *2 (N.D. Ind. July 25, 2012) (citation omitted) (denying motion to dismiss because plaintiff's silence on the ITCA in his complaint was not dispositive on the issue). Accordingly, Townsend's motion to add the City of Fort Wayne will be granted.

4

The Defendants are correct, however, in their assertion that "under Indiana law, []the Fort Wayne Police Department has no separate legal existence from the City of Fort Wayne." *Martin v. Fort Wayne Police Dept.*, No. 1:09-CV-48, 2010 WL 4876728, at *3 (N.D. Ind. Nov. 23, 2010). "[T]he Police Department is a division or arm of the municipality, and . . . is not a suable entity. . . ." *Id.*; *see Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). Accordingly, Townsend's motion to add the City of Fort Wayne Police Department will be denied.

### III. CONCLUSION

For the reasons stated herein, Townsend's Second Motion to Amend Complaint (Docket # 25) is GRANTED in part and DENIED in part. The Clerk is DIRECTED to show Townsend's second amended complaint filed, except that Townsend's claims against the Fort Wayne Police Department are STRICKEN. Townsend is DIRECTED to effect service on the City of Fort Wayne.

SO ORDERED.

Enter for this 11th day of March 2014.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge