# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| EDDIE TOWNSEND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:13-cv-315 |
| | ) |
| M. WILSON, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On December 12, 2014, *pro se* Plaintiff Eddie Townsend filed a motion in this 42 U.S.C. § 1983 case advancing various constitutional and state law claims, asking that this Court request an attorney to represent him. (Docket # 45.) On December 17, 2014, Defendants filed a response opposing Plaintiff's request (Docket # 46); Townsend has not filed a reply, and the time to do so has now passed.

Because Townsend is competent to litigate this case himself, his motion will be DENIED.

## LEGAL STANDARD

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). But under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded

from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt,* 503 F.3d at 654). The second portion of this inquiry, stated another way, is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Id.* at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*. Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id*.

## ANALYSIS

To begin, there is no evidence that Townsend has contacted any attorneys concerning his case. Therefore, he fails to satisfy the threshold requirement concerning a request for recruitment of counsel. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010).

But even if he had satisfied this threshold requirement, it is evident that Townsend is competent to represent himself in this matter. This suit is a relatively straightforward § 1983

2

action: Townsend claims that Defendants violated his Fourth Amendment right to be free from false arrest and false imprisonment when it arrested him in August 2012 for operating a vehicle while intoxicated after he was involved in a traffic accident. He also alleges federal and state malicious prosecution claims and a state law negligence claim arising from the encounter. Accordingly, the first factor–the difficulty of his claims–cuts against his request for counsel. *See Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Furthermore, Townsend has already comprehensively articulated his claims in this suit (Docket # 1, 18, 28); participated in a Rule 16 Preliminary Pretrial Conference (Docket # 31); propounded discovery requests to Defendants (Docket # 34, 35); filed a response to Defendants' motion for summary judgment (Docket # 39); and sought relief through two motions to amend and the instant motion to appoint counsel (Docket # 14, 25, 45). Townsend's submissions to the district court are much better than the average *pro se* litigant's. *See Olson*, 750 F.3d at 712. Notably, he filed an extensive response to Defendants' summary judgment motion, incorporating numerous legal citations and an exhibit (Docket # 39), indicating that he has already performed considerable legal research and is fully capable of articulating his legal position.

And this is not the first suit that Townsend has filed on a *pro se* basis, *see, e.g., Townsend v. Smallwood*, 1:98-cv-20; *Townsend v. Moore*, 1:97-cv-239, and thus he obviously has some familiarity with the litigation process.

Moreover, it appears that Townsend has reasonably good communication skills, at least at a sufficient level to proceed *pro se. Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. July 25, 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and

3

indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). He is not presently incarcerated and thus has the freedom to perform his own research. Finally, the facts of this case are within his particular knowledge; therefore, the task of discovery is apt to be quite limited and certainly not insurmountable.

Considering the foregoing, Townsend appears competent to adequately handle the litigation of this § 1983 case. Consequently, his motion asking that the Court request counsel for him will be denied. If his case survives the pending summary judgment motion and proceeds to trial, the Court will reconsider recruiting counsel for him.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion Requesting Appointment of Counsel (Docket # 45) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own. The pending motion for summary judgment (Docket # 36) remains under advisement.

Enter for this 5th day of January 2015.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge